# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BOBBY S. LUGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 08 C 4841 |
| ) | |
| ) | Judge Ronald A. Guzmán |
| BRIAN MCCANN, Warden, ) | |
| Stateville Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Bobby Luga has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal conviction. The case is before the Court on the government's motion to dismiss the petition as untimely. For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion. This case is hereby terminated.

## Procedural Background

On August 28, 2003, a jury convicted Bobby S. Luga of attempted first-degree murder. (Gov't Ex. A, Rule 23 Order, *People v. Luga*, No. 03 CF 1435, slip op. at 1 (Dec. 23, 2005).) The state court sentenced Luga to thirty-four years in prison. (*Id.*)

Luga appealed his conviction and on December 23, 2005, the appellate court affirmed his conviction. (*Id.*) On August 2, 2006, Luga filed a pro se motion for leave to file a late petition for leave to appeal to the Illinois Supreme Court. (Gov't Ex. B, Pet. Leave Appeal.) On September 15, 2006, the Illinois Supreme Court granted Luga leave to file his late petition. (Gov't Ex. C, *People v. Luga*, 103408, slip op. 1 (Sept. 16, 2006).) On November 29, 2006, the

Illinois Supreme Court denied the petition for leave to appeal. (Gov't Ex. D, *People v. Luga*, No. 103408, slip op. 1 (Nov. 29, 2006).).

On May 25, 2007, Luga filed a pro se petition for post-conviction relief.[1] (Gov't Ex. E, Pet. Post-Conviction Relief.) On August 24, 2007, the Court dismissed the petition. (Gov't Ex. F, *People v. Luga*, No. 03 CF 1435, slip op. (Aug. 24, 2007).)[2]

On August 16, 2008, Luga filed the petition for writ of habeas corpus. (Pet. Writ Habeas Corpus.) In it, he raises three claims: (1) he is entitled to a new trial because the charge to the jury included conflicting instructions that prevented it from considering the lesser included offense of aggravated battery; (2) he was provided ineffective assistance of counsel when his lawyer failed to research Luga's criminal history prior to challenging his sentence on direct appeal; (3) he was provided ineffective assistance of counsel when his appellate counsel failed to argue that the issue of intent was not proved beyond a reasonable doubt. (*Id.* 5-15.)

## Discussion

The government contends that Luga's petition must be dismissed because it is time-barred. Habeas petitions have a one-year statute of limitations that runs from the latest of:

---

[1]The Court assumes that the post-conviction petition was filed on the date that Luga signed and dated it. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999).

[2]On August 25, 2008, Luga filed a motion for leave to file a late notice of appeal and argued that his appeal was late because of lockdowns and lack of access to law materials. (Gov't Ex. G, Late Notice of Appeal.) On September 19, 2008, the appellate court denied his motion. (Gov't Ex. H, *People v. Luga*, No. 2-08-0814, slip op. 1 (Sept. 19. 2008).)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Only the first option, one year from the date on which the judgment became final, applies to this case.

First, the Court must first determine the date on which the judgment became final. On November 29, 2006, the Illinois Supreme Court denied Luga's petition for leave to appeal the appellate court's affirmance of his conviction. (Gov't Ex. D, *People v. Luga*, No. 103408, slip op. 1 (Nov. 29, 2006).). Luga had ninety days, or until February 27, 2007, to petition the U.S. Supreme Court for a writ of certiorari, but he did not do so. *See* Sup. Ct. R. 13. Therefore, February 27, 2007 is the date on which direct review of Luga's conviction concluded and the statute of limitations for filing his habeas corpus petition began to run.

Between February 27, 2007, the date on which direct review of his conviction concluded, and May 25, 2007, the date on which Luga filed his post-conviction petition, 87 days elapsed. Because the statute of limitations may be tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), *see Smith v. Walls*, 276 F.3d 340, 343 (7th Cir. 2002), as of May 25, 2007, the statute of limitations period was tolled under section

3

2244(d)(2).³  On August 24, 2007, the trial court dismissed his post-conviction petition. (Gov't Ex. F, *People v. Luga*, No. 03 CF 1435, slip op. (Aug. 24, 2007).)  It is an open question in the Seventh Circuit whether the statute of limitations is tolled during the thirty days provided for filing an appeal where the time expires without a filing, *see Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000).  Because such a tolling would not effect the outcome of this case, the Court assumes, without holding, that the statute of limitations was tolled during the thirty days following the dismissal of Luga's post-conviction petition, that is, to and including September 23, 2007, at which point the statute of limitations began to run again.

On August 25, 2008, Luga filed a motion for leave to file a late notice of appeal and argued that his appeal was late because of lockdowns and lack of access to law materials. (Gov't Ex. G, Late Notice of Appeal.)  On September 19, 2008, the appellate court denied his motion without addressing the merits of the appeal. (Gov't Ex. H, *People v. Luga*, No. 2-08-0814, slip op. 1 (Sept. 19, 2008).)

However, as stated above, section 2244(d)(2) provides that "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).  "[W]hether a petition is 'properly filed' depends on state law, so that if a state court accepts and entertains it on the merits, it has been 'properly filed' but that if the state court rejects it as procedurally irregular it

---

³For the purposes of timeliness, a properly filed state post-conviction petition requires its delivery and acceptance to comply with the applicable laws and rules governing filings in that state, including the form of the document, time limits upon its delivery, and payment of the filing fee, regardless of whether the state court later dismisses the application as procedurally barred. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

has not been 'properly filed.'" *Fernandez*, 227 F.3d at 978. In this case, the state court rejected Luga's motion for leave to file a late notice of appeal and did not address the appeal on the merits. Accordingly, pursuant to state law, Luga's filing of the motion for leave to file a late notice of appeal did not toll the statute of limitations under section 2244(d)(2).

In sum, the statute of limitations ran for 87 days between the date on which direct review of his conviction concluded and the date on which Luga filed his post-conviction petition and began to run again for 327 days between the expiration of the time in which to appeal the dismissal of his post-conviction petition and the filing of his habeas petition for a total of 414 days.[4] Given the one-year statute of limitation under 28 U.S.C. § 2244(d)(1), Luga's habeas petition is untimely, and the Court denies the petition on this basis.

## **Conclusion**

For the foregoing reasons, the Court denies Luga's petition for writ of habeas corpus. This case is hereby terminated.

**SO ORDERED**  ENTERED:

February 11, 2009

*Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**U.S. District Court Judge**

---

[4]Although Luga argues that Stateville was on lockdown for 95 days, he does not explain why he was unable to file his habeas petition during the time in which Stateville was not on lockdown.